D. A. Bell and Vivian Bell v. Commissioner. D. W. Bell v. Commissioner. D. W. Bell and Annette Bell v. Commissioner.
Bell v. Commissioner
Docket Nos. 53646-53648.
United States Tax Court
T.C. Memo 1956-291; 1956 Tax Ct. Memo LEXIS 10; 15 T.C.M. (CCH) 1506; T.C.M. (RIA) 56291; December 31, 1956
*10 Harvey B. Cochran, Esq., and Robert J. Flynn, Esq., for the petitioners. William H. Welch, Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The Commissioner has determined income tax deficiencies against the petitioners as follows: Docket No.
Petitioner
1947
1948
53646
D. A. and Vivian Bell
$31,668.44
$10,767.06
53647
D. W. Bell
30,024.81
53648
D. W. and Annette Bell
8,896.18
The sole issue for our decision is whether petitioners D. A. Bell and D. W. Bell conducted a heating and plumbing business between September 30, 1947, and May 18, 1948, as a partnership or whether it was in fact between those dates an association taxable as a corporation under the Internal Revenue Code of 1939. Findings of Fact The facts which have been agreed upon are found as stipulated. All of the petitioners are now and were during the years at issue residents of Denver, Colorado, and filed individual income tax returns for those years with the collector for the district of Colorado. In September 1947, and for some years prior thereto, D. A. and D. W. Bell were engaged in the plumbing and heating business *11 in Denver, doing business as Bell Plumbing & Heating Company, which was a copartnership (hereinafter the business in either partnership or corporate form is designated Bell). Division of ownership and profits were D. A. Bell 51 per cent and D. W. Bell 49 per cent. Early in September 1947 the partners employed George S. May Company, a business engineering firm, to make a study of Bell with the purpose of obtaining that firm's recommendations for its more efficient management. Its services also included aid in the carrying out of such recommendations as were adopted by the Bells. Of primary importance was its immediate recommendation that Bell be forthwith incorporated. To that end, on October 3, 1947, Articles of Incorporation were signed, but were not filed with the Secretary of State of the State of Colorado until May 18, 1948. On the date of execution of the Articles, stock was issued to the two Bells in direct proportion to their partnership interests with the exception of one qualifying share which was issued to A. L. Norberg who thereafter acted as a corporate officer of Bell. A bookkeeping and accounting system suitable to a corporation was adopted and thenceforth used, the first *12 entries therein having been made on October 1, 1947, and the partnership books were closed as of the preceding September 30. The Articles, immediately upon their execution, were placed in the hands of a reputable and competent attorney for filing with the Secretary of State of the State of Colorado and the Bells were thereupon advised by him that their business was now a corporation, the board of directors of which consisted of the Bells and Norberg. The attorney was thereafter at least periodically in poor health and unable or unwilling therefore to carry out the further details of Bell's incorporation for several months with the result that the Articles were not filed with the Secretary of State until May 18, 1948. In the corporate records thus adopted, the partnership assets were listed as belonging to the corporation although formal transfer thereof by bill of sale was not effectuated until May 18, 1948. From October 1, 1947, Bell conducted its business as a corporation under the management and control of the board of directors agreed upon by the execution of the Articles of Incorporation. Although knowing that the Articles had not been properly filed by their attorney, it *13 was nevertheless the belief of the incorporators that the business was in fact incorporated from and after that date. Stock was issued to the Bells individually without restriction in payment for their respective ownership of partnership assets. Although the name of the business was not changed, notice of its incorporation was given to those who conducted business with Bell. It paid its officers salaries in lieu of a distributive share of business profits. Income tax was withheld from these salaries. Corporation income tax returns were filed for the fiscal year beginning October 1, 1947, and for subsequent years. Business policy was determined by the board of directors. Opinion The petitioners prior to September 1947 had been conducting a plumbing and heating business as a partnership. For good business reasons in October of that year they decided to incorporate as of September 30, 1947. On October 3 following, they, with the aid and advice of their attorney, executed Articles of Incorporation. At the same time stock was issued in payment for the partners' assets, a corporate bookkeeping and accounting system was adopted and thereafter used, salaries were paid the incorporators *14 from which income tax was withheld, and the business was thereafter conducted and held out to those doing business with it as a corporation. Due to the illness or neglect of the attorney whose services had been retained to carry out the details of the incorporation the Articles were not filed until May 18, 1948. It is the latter fact which has given rise to this controversy. The respondent has taken the position in determining the deficiencies that, under Colorado law, Bell was neither a corporation de jure nor a corporation de facto and was not an association taxable as a corporation under the Internal Revenue Code of 1939 and therefore profits of the business for the period involved are taxable to petitioners as partners in Bell. Petitioners contend, on the other hand, that Bell, subsequent to September 30, 1947, was operated entirely as a corporation; that although its corporate capacity might not be sustainable under state law, it is nevertheless an association which, under the 1939 Code, is taxable as a corporation. We think petitioners are correct in their contention. Section 3797(a)(2) and (3) of the Code defines the terms "partnership" and "corporation" as follows: "SEC. *15 3797. DEFINITIONS. "(a) When used in this title, where not otherwise distinctly expressed or manifestly incompatible with the intent thereof - * * *
"(2) Partnership and Partner. - The term 'partnership' includes a syndicate, group, pool, joint venture, or other unincorporated organization, through or by means of which any business, financial operation, or venture is carried on, and which is not, within the meaning of this title, a trust or estate or a corporation; and the term 'partner' includes a member in such a syndicate, group, pool, joint venture, or organization. "(3) Corporation. - The term 'corporation' includes associations, joint-stock companies, and insurance companies." Regulations 111. Sec. 29.3797-1, contains the following language under the heading "Classification of Taxables": "For the purpose of taxation the Internal Revenue Code makes its own classification and prescribes its own standards of classification. Local law is of no importance in this connection. * * * The term 'corporation' is not limited to the artificial entity usually known as a corporation * * *" It seems clear to us that under the Articles of Incorporation executed on October 3, 1947, a *16 new taxable entity was created which, for an adequate consideration, acquired the assets of its predecessor partnership as of October 1, 1947; that it immediately thereafter and continuously since has operated as and held itself out to its customers as a corporation; that the Bells and Norberg took concrete steps in good faith to incorporate in accordance with the laws of Colorado as of October 1, 1947, and they fully intended so to do and believed they were stockholders and officers of such an entity. Under the terms of the Articles the life of the entity so created was no longer coterminous with nor dependent upon the life of any individual. Whether the foregoing attributes of Bell during the period involved spell out a corporation de jure or whether such an entity is possible of creation under Colorado law is, in view of respondent's own regulations, of no great moment here. Research discloses that it is generally accepted that such attributes are essentially characteristic of corporations de facto. ; ; ; *17 ; . That being true, it follows that Bell between October 1, 1947, and May 18, 1948, inclusive, was at least an association taxable as a corporation within the definition of that term in section 3797(a)(3). Internal Revenue Code of 1939. See ; , affirming . Cf. . Careful consideration of the cases cited in support of respondent's contention discloses they are not in point with respect to this issue. Decisions will be entered for the petitioners.